NOBLE v. LAIDLAW.

FRAUDULENT CONVEYANCES—EVIDENCE—SUFFICIENCY.

A conveyance by a debtor to his brother of all of his property
in consideration of the assumption of a mortgage then on the
land and the giving back of a mortgage for the balance of the
purchase price was *held* fraudulent as to a judgment creditor
of the grantor, where it also appeared that the debtor con-
sidered the judgment inequitable and was attempting to
evade payment, that the papers were left with the scrivener,
that the deed was not recorded for some time and the mort-
gage never recorded, and that the grantor soon left the
county.

Appeal from Sanilac; Beach, J. Submitted February
23, 1904. (Docket No. 100.) Decided June 25, 1904.

Bill by Bostwick R. Noble against William J. Laidlaw
and David E. Laidlaw in aid of execution. There was a
decree for complainant, and defendant David E. Laidlaw
appealed. Complainant died pending the appeal, and the
cause was revived in the names of Charles Noble and
Charles F. Lawson, his executors. Affirmed.

*C. F. Gates, J. A. Rapley,* and *E. H. Drake,* for com-
plainants.

*J. S. Crandell,* for appellant.

MONTGOMERY, J. This is a case of a bill filed in aid of
an execution. The circuit judge granted the relief prayed,
and the defendant David E. Laidlaw appeals.

The bill avers an indebtedness of William J. Laidlaw,
represented by a judgment amounting to $170.42 and $2.80
costs, and the transfer by him to defendant David of a
farm of 98 acres, worth $4,000, with the sole purpose of
defrauding complainant. The bill also avers that defend-
ant David was without responsibility, and that execution
against William J. Laidlaw had been levied upon the land

in question. The answer admits the transfer of the farm, but avers that defendant David purchased it in good faith at the price of $2,000, which was paid by assuming a mortgage outstanding against the property of $400, and by giving back a mortgage for the remainder of the purchase price; *i. e.*, $1,600.

The two Laidlaws are brothers. The papers were drawn by a brother-in-law. The mortgage was never recorded. The evidence fairly shows that the farm in question comprised substantially all of the debtor's property. It crops out that he regarded the claim of complainant as inequitable, and the inference that he was attempting to get under cover is a fair one. The question of the participation of David in this design is more doubtful, but we think the circumstances were such as to fairly justify the finding of the circuit judge on this point also. The relationship of the parties, the manner of execution of the notes, the fact that the papers were left with the scrivener, that the deed was not recorded for some time, that not a dollar changed hands at the time, that the brother William J. soon left the county, all tend strongly to establish that the purpose of the grantor was not wholly unknown to defendant David.

The decree is affirmed, with costs.

The other Justices concurred.